**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BENJAMIN HAMBY, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:24-cv-04240-SCS |
| Plaintiff, | |
| v. | |
| CAMBIUM NETWORKS CORPORATION, ATUL BHATNAGAR, MORGAN KURK, and ANDREW BRONSTEIN, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF BRITTNEE CARTER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**

**TABLE OF CONTENTS**

I.     PRELIMINARY STATEMENT ....................................................................... 1

II.    FACTUAL BACKGROUND ........................................................................... 2

III.   ARGUMENT ................................................................................................... 4

        A.     Carter Should be Appointed Lead Plaintiff ................................................ 4

              1.     Carter Filed a Timely Motion ................................................... 5

              2.     Carter Has the Largest Financial Interest ................................... 6

              3.     Carter Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure ................................................................. 6

                    a)     Carter's Claims Are Typical ........................................... 7

                    b)     Carter Is an Adequate Representative ............................. 7

        B.     The Court Should Approve Lead Plaintiff's Choice of Counsel ............................ 8

IV.   CONCLUSION ................................................................................................ 8

i

## TABLE OF AUTHORITIES

CASES

*Chandler v. Ulta Beauty, Inc.*, No.,
  18 Civ. 1577, 2018 WL 3141763 (N.D. Ill. June 26, 2018) ........................................................ 7

*De La Fuente v. Stokely-Van Cap, Inc.*,
  713 F.2d 225 (7th Cir. 1983) ........................................................................................................ 7

*In re Boeing Co. Aircraft Sec. Litig.*,
  No. 19 Civ. 2394, 2019 WL 6052399 (N.D. Ill. Nov. 15, 2019)................................................. 5

*In re Groupon Sec. Litig.*,
  No. 12 Civ. 2450, 2012 WL 3779311 (N.D. Ill. Aug. 28, 2012)................................................. 7

*Maiden v. Merge Techs., Inc.*,
  No. 06 Civ. 349, 2006 WL 3404777 (E.D. Wis. Nov. 21, 2006) ................................................ 5

*Takara Trust v. Molex Inc.*,
  229 F.R.D. 577 (N.D. Ill. 2005)................................................................................................... 7

STATUTES

15 U.S.C. § 78u-4 ............................................................................................................................ 1

15 U.S.C. §78u-4(a)(3)(B) ..................................................................................................... *passim*

RULES

Fed. R. Civ. P. 23 ................................................................................................................... *passim*

Brittnee Carter ("Carter") respectfully submits this memorandum of law in support of her motion pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq*. (the "PSLRA") for an Order: (1) appointing Carter as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (2) approving Carter's selection of Glancy Prongay & Murray LLP and Holzer & Holzer, LLC as Co-Lead Counsel and Miller Law LLC as Liaison Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.      PRELIMINARY STATEMENT

This is a class action on behalf of persons who purchased or otherwise acquired Cambium Networks Corporation ("Cambium" or the "Company") securities between May 8, 2023 and January 18, 2024, inclusive (the "Class Period").

The "PSLRA provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. See 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that Carter is the "most adequate plaintiff" as defined by the PSLRA.

Carter believes that she is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on her financial losses suffered as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Carter satisfies the relevant requirements of Rule 23, as her claims are typical of other class members' claims and she is committed to fairly and adequately representing the interests of the class. Thus, pursuant to

1

the PSLRA's lead plaintiff provision, Carter respectfully submits that she is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Carter's selection of Glancy Prongay & Murray LLP and Holzer & Holzer, LLC as Co-Lead Counsel and Miller Law LLC as Liaison Counsel for the Class should be approved because the firms have substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II. FACTUAL BACKGROUND

Cambium, together with its subsidiaries, engages in the design, development, and manufacture of wireless broadband and Wi-Fi networking infrastructure solutions. The Company's products are used in broadband access, public safety, defense communications networks, and Wi-Fi access applications. Its product lines fall under three broad, interrelated categories: (i) fixed wireless broadband, which includes point-to-point and point-to-multipoint architectures; (ii) Enterprise networking; and (iii) Subscription and Services. Cambium sells its products primarily through its network of approximately 160 distributors who sell to other channel partners.

On August 1, 2023, after the market closed, Cambium reported that second quarter 2023 revenue fell 23% sequentially due to "higher channel inventories" that resulted in "lower demand for Enterprise products." As a result, the Company reduced its fiscal 2023 guidance, now expecting revenue to decline 7% to 11% year-over-year. The Company also announced that the Company's Chief Executive Officer, Atul Bhatnagar, would step down immediately.

On this news, the price of Cambium shares declined by $4.89 per share, or 30.07%, to close at $11.37 per share on August 2, 2023, on unusually heavy trading volume.

Then, on October 4, 2023, after the market closed, Cambium announced preliminary third quarter 2023 revenue "between $40.0-$45.0 million compared to the previous outlook of $62.0-

$70.0 million[.]" The Company attributed the shortfall to, in part, "a decrease in orders and an increase in stock rotations from distributors in the Enterprise business" and "pressure" from "channel inventories."

On this news, the price of Cambium shares declined by $2.87 per share, or 36.2%, to close at $5.05 per share on October 5, 2023, on unusually heavy trading volume.

Then, on January 18, 2024, after the market closed, Cambium revealed that preliminary fourth quarter 2023 revenue was expected to be "approximately $40.0 million compared to the previous outlook of $45.0-$50.0[.]" The Company attributed the revenue shortfall to "offering aggressive Enterprise product discounts to clear excess channel inventories." The Company further revealed "gross margin will also be below the low end of the range due to increased excess and obsolete inventory reserves." Moreover, it was announced that the Company's Chief Financial Officer would depart Cambium on February 2, 2024.

On this news, the price of Cambium shares declined by $0.60 per share, or 12.40%, to close at $4.24 per share on January 19, 2024, on unusually heavy trading volume.

The Complaint filed in this action alleges that the Defendants made materially false and/or misleading statements, and failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors that: (1) that there was a buildup of inventory in the Company's distribution channels; (2) that the Company and its distributors were reasonably likely to offer aggressive discounts to reduce the high channel inventories; (3) that the Company's revenue would decline sequentially until the excess channel inventory was sold through; (4) that Cambium was likely to incur significant charges to writedown excess and obsolete inventory; (5) that, as a result of the foregoing, the Company's fiscal 2023 revenue and earnings would be adversely affected; and (6) that, as a result of the foregoing,

3

Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Carter and other members of the class have suffered significant losses and damages.

## III.   ARGUMENT

### A.   Carter Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Carter satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Carter has, to the best of her knowledge, the largest financial interest in this litigation and meets the relevant requirements of Rule 23. In addition, Carter is not aware of any unique defenses Defendants could raise against her that would render her inadequate to represent the class. Accordingly, Carter respectfully submits that she should be appointed lead plaintiff. *See In re Boeing Co. Aircraft Sec. Litig.*, No. 19 Civ. 2394, 2019 WL 6052399, at *2 (N.D. Ill. Nov. 15, 2019); *see also Maiden v. Merge Techs., Inc.*, No. 06 Civ. 349, 2006 WL 3404777, at *4 (E.D. Wis. Nov. 21, 2006) ("Because it has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23, [movant] is presumptively entitled to lead plaintiff status.").

### 1.     Carter Filed a Timely Motion

Carter has made a timely motion in response to a PSLRA early notice. On May 22, 2024, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Motion, Ex. A. Carter had sixty days (until July 22, 2024) to file a motion to be appointed as lead plaintiff. As a purchaser of Cambium securities during the Class Period, Carter is a member of the proposed class and has timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in her certification, Carter attests that she has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class.

5

*See* Motion, Ex. B. Accordingly Carter satisfies the first requirement to serve as lead plaintiff for the class.

### 2. Carter Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Carter believes that she has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and are presumed to be the "most adequate plaintiff."

Carter purchased Cambium securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm of approximately $26,755.86. *See* Motion, Ex. C. To the best of her knowledge, Carter is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Carter believes she has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class.

### 3. Carter Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

6

At this stage of the litigation, however, a movant need only make a "preliminary showing" that she satisfies the typicality and adequacy requirements of Rule 23. *See Chandler v. Ulta Beauty, Inc.*, No. 18 Civ. 1577, 2018 WL 3141763, at *5 (N.D. Ill. June 26, 2018); *In re Groupon Sec. Litig.*, No. 12 Civ. 2450, 2012 WL 3779311, at *3 (N.D. Ill. Aug. 28, 2012) (only a "preliminary showing" of typicality and adequacy is required).

### a)    Carter's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a representative plaintiff's claims "arise[] from the same event or practice or course of conduct that gives rise to the claims of other class members and her or her claims are based on the same legal theory." *De La Fuente v. Stokely-Van Cap, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983); *accord Ulta Beauty*, 2018 WL 3141763, at *5.

Carter's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Carter alleges that Defendants' material misstatements and omissions concerning Cambium's business, operations, and financial prospects violated the federal securities laws. Carter, like all members of the class, purchased Cambium securities in reliance on Defendants' alleged misstatements and omissions and were damaged thereby. Accordingly, Carter's interests and claims are "typical" of the interests and claims of the class.

### b)    Carter Is an Adequate Representative

The adequacy requirement is satisfied where the representative plaintiff does not have any conflicts of interest with other class members and the plaintiff, and her counsel will vigorously prosecute the case. *See Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 580 (N.D. Ill. 2005).

Carter has demonstrated her adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and her financial losses ensure that she has sufficient incentive to provide vigorous advocacy. *See* Motion, Exhibit B. Carter has a bachelor's degree in management and a minor in finance. Carter previously worked in corporate

treasury for a Fortune 500 company. Carter is not aware of any conflict between her claims and those asserted on behalf of the Class. As such, Carter is well-equipped to represent the class.

**B.    The Court Should Approve Lead Plaintiff's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, Carter has selected Glancy Prongay & Murray LLP and Holzer & Holzer, LLC as Co-Lead Counsel and Miller Law LLC as Liaison Counsel. The firms have successfully prosecuted numerous class actions on behalf of injured investors. As reflected by the firms' résumés, *see* Motion, Exhibits D, E, and F, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation. Accordingly, the Court should approve Carter's selection of counsel.

**IV.    CONCLUSION**

For the foregoing reasons, Carter respectfully requests that the Court grant her Motion and enter an Order (1) appointing Carter as Lead Plaintiff; (2) approving Carter's selection of Glancy Prongay & Murray LLP and Holzer & Holzer, LLC as Co-Lead Counsel and Miller Law LLC as Liaison Counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.

Dated: July 22, 2024                    Respectfully submitted,

By: s/ *Lori A. Fanning*
Lori A. Fanning
Marvin A. Miller
**MILLER LAW LLC**
53 W. Jackson Blvd., Suite 1320
Chicago, IL 60604
Telephone: (312) 332-3400
Lfanning@millerlawllc.com
mmiller@millerlawllc.com

8

*Counsel for Brittnee Carter and Proposed Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**HOLZER & HOLZER, LLC**
Corey D. Holzer
211 Perimeter Center Parkway, Suite 1010
Atlanta, Georgia 30346
Telephone: (770) 392-0090
Facsimile: (770) 392-0029

*Counsel for Brittnee Carter and Proposed Co-Lead Counsel for the Class*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel*

9