**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| BENJAMIN HAMBY, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:24-cv-04240-SCS |
| Plaintiff, | CLASS ACTION |
| v. | Honorable Steven C. Seeger |
| CAMBIUM NETWORKS CORPORATION, ATUL BHATNAGAR, MORGAN KURK, and ANDREW BRONSTEIN, | |
| Defendants. | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DONNA CARR'S
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF SELECTION OF COUNSEL**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ..................................................................................................... 2

ARGUMENT......................................................................................................................... 4

    I.     APPOINTMENT OF MOVANT AS LEAD PLAINTIFF IS APPROPRIATE. ............. 4

        A.     The Procedure Required by the PSLRA ..................................................... 4

             1.     Movant Is Willing to Serve as Class Representative. .......................................... 5

             2.     Movant Has the Requisite Financial Interest in the Relief Sought by the Class. . 5

        B.     Movant Satisfies the Requirements of Federal Rule of Civil Procedure 23(a)........... 6

             1.     Movant's Claims Are Typical of the Claims of All Class Members. ................... 7

             2.     Movant Will Adequately Represent the Class. ...................................................... 8

    II.     APPROVAL OF MOVANT'S CHOICE OF COUNSEL IS APPROPRIATE. ............. 9

    III.    CONCLUSION............................................................................................... 10

# **TABLE OF AUTHORITIES**

**Cases**

*Chandler v. Ulta Beauty, Inc.*,
No. 18-cv-1577, 2018 U.S. Dist. LEXIS 107340 (N.D. Ill. June 26, 2018)................................. 6

*De La Fuente v. Stokely-Van Camp, Inc.*,
713 F.2d 225 (7th Cir. 1983) ....................................................................................... 7

*Dura Pharm., Inc. v. Broudo*,
544 U.S. 336 (2005)..................................................................................................... 6

*In re E-Trade Financial Corp.* Securuties Litigation,
No. 07-cv-8538 (S.D.N.Y.).......................................................................................... 9

*In re Groupon Secs. Litig.*,
Master File No. 12 C 2450, 2012 U.S. Dist. LEXIS 123899 (N.D. Ill. Aug. 28, 2012).............. 7

*Gurevitch v. KeyCorp, et al.*,
No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023) .......................................................... 10

*Jaramillo v. Dish Network Corporation, et al.*,
No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023)............................................................. 10

*Johnson v. Tellabs, Inc.*,
214 F.R.D. 225 (N.D. Ill. 2002)............................................................................... 1, 8

*Lax v. First Merchants Acceptance Corp.*,
1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997)................................................. 7

*Maiden v. Merge Techs., Inc.*,
No. 06-cv-349, 2006 U.S. Dist. LEXIS 85635 (E.D. Wis. Nov. 21, 2006)................................ 5

*Martin v. BioXcel Therapeutics, Inc. et al.*,
No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023) .............................................................. 10

*Petersen v. Stem, Inc. et. al.*,
No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023) ........................................................... 10

*Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*,
No. 1:23-cv-02764 (N.D. Ill. July 11, 2023) ............................................................. 10

*Rosario v. Livaditis*,
963 F.2d 1013 (7th Cir. 1992) ..................................................................................... 7

*Solomon v. Peloton Interactive, Inc. et al.*,
No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023) ............................................................. 10

*Takara Trust v. Molex Inc.*,
229 F.R.D. 577 (N.D. Ill. 2005)............................................................................... 7, 8

iii

*In re Tesla Inc. Securities Litigation,*
No. 3:18-cv-4865 (N.D. Cal.) ................................................................................................ 10

*Thant v. Rain Oncology Inc. et al.,*
5:23-cv-03518 (N.D. Cal. Nov. 1, 2023) ................................................................................ 10

*Thant v. Veru, Inc. et al.,*
No. 1:22-cv-23960 (S.D. Fla. July 27, 2023)......................................................................... 10

*In re U.S. Steel Securities Litigation,*
No. 2:17-579-CB (W.D. Pa.) .................................................................................................... 9

*Villanueva v. Proterra Inc. et al.,*
No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023) ....................................................................... 10

**Statutes**

15 U.S.C. § 78u-4 ............................................................................................... *passim*

**Rules**

FED. R. CIV. P. 23 ................................................................................................ *passim*

iv

**PRELIMINARY STATEMENT**

Presently pending before the Court is the above-captioned action (the "Action") brought on behalf of persons and entities that purchased or otherwise acquired Cambium Networks Corporation ("Cambium" or the "Company") securities between May 8, 2023 and January 18, 2024, inclusive (the "Class Period"). Plaintiff in the Action alleges violations of the Securities Exchange Act of 1934 (the "Exchange Act") against the Company, Atul Bhatnagar ("Bhatnagar"), Morgan Kurk ("Kurk"), and Andrew Bronstein ("Bronstein") (collectively the "Defendants", and all defendants other than the Company, collectively, the "Individual Defendants").[1]

Donna Carr ("Movant") lost approximately $8,961.32 as a result of the alleged fraud during the Class Period. Movant respectfully submits this Memorandum of Law in support of her Motion for: (1) appointment as lead plaintiff ("Lead Plaintiff") pursuant to the Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B) and (2) approval of her selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel and Lubin Austermuehle, P.C. ("Lubin Austermuehle") and the Law Office of Terrence Buehler as Liaison Counsel.

The PSLRA provides for the Court to appoint as Lead Plaintiff the movant(s) that has the largest financial interest in the litigation who has also made a *prima facie* showing that it is an adequate class representative(s) under Federal Rule of Civil Procedure 23. *See generally Johnson v. Tellabs, Inc.*, 214 F.R.D. 225, 228 (N.D. Ill. 2002). Movant satisfies both requirements.

Movant believes that she has the largest financial interest in the outcome of the case.[2] As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff. Moreover, Movant satisfies the requirements of Rule 23 in that her claims are typical of the claims of the Class,

---

[1] The Action alleges violations under Sections 10(b) and 20(a) of the Exchange Act, as well as Rule 10b-5 promulgated thereunder.

[2] Certification from Movant, as required by the PSLRA, as well as a chart detailing her losses, are attached to the Declaration of Peter S. Lubin, dated July 22, 2024 ("Lubin Decl."), as Exhibits A and B, respectively.

and she will fairly and adequately represent the interests of the Class.[3]

Accordingly, Movant submits that she should be appointed Lead Plaintiff. Additionally, Movant respectfully submits that her selection of Levi & Korsinsky as Lead Counsel and Lubin Austermuehle and the Law Office of Terrence Buehler as Liaison Counsel is appropriate for approval by this Court to represent the Class.

**STATEMENT OF FACTS[4]**

Cambium, together with its subsidiaries, engages in the design, development, and manufacture of wireless broadband and Wi-Fi networking infrastructure solutions. ¶ 2. The Company's products are used in broadband access, public safety, defense communications networks, and Wi-Fi access applications. *Id.* Its product lines fall under three broad, interrelated categories: (i) fixed wireless broadband, which includes point-to-point and point-to-multipoint architectures; (ii) Enterprise networking; and (iii) Subscription and Services. Cambium sells its products primarily through its network of approximately 160 distributors who sell to other channel partners. *Id.*

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. ¶ 9. Specifically, Defendants failed to disclose that: (1) that there was a buildup of inventory in the Company's distribution channels; (2) that the Company and its distributors were reasonably likely to offer aggressive discounts to reduce the high channel inventories; (3) that the Company's revenue would decline sequentially until the excess channel inventory was sold through; (4) that Cambium was likely to incur significant charges to writedown excess and obsolete inventory;

---

[3] The Action defines the "Class" as all persons and entities "that purchased or otherwise acquired Cambium securities" during the Class Period. Excluded from the Class are the Defendants, the officers and directors of Iterum, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which defendants have or had a controlling interest.

[4] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Hamby* Complaint") filed in the action styled *Hamby v. Cambium Networks Corporation., et. al.,* Case No. 1:24-cv-04240-SCS (N.D. Ill. May 22, 2024) (the "*Hamby* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Hamby* Complaint. The facts set forth in the *Hamby* Complaint are incorporated herein by reference.

2

(5) that, as a result of the foregoing, the Company's fiscal 2023 revenue and earnings would be adversely affected; and (6) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Id.*

After the market closed on August 1, 2023, Cambium reported that second quarter 2023 revenue fell 23% sequentially due to "higher channel inventories" that resulted in "lower demand for Enterprise products." ¶ 3. As a result, the Company reduced its fiscal 2023 guidance, now expecting revenue to decline 7% to 11% year-over-year. *Id.* The Company also announced that the Company's Chief Executive Officer, Atul Bhatnagar, would step down immediately. *Id.*

On this news, the price of Cambium shares dropped by 30.07%, or $4.89 per share, to close on August 2, 2023 at $11.37 per share, on unusually heavy trading volume. ¶ 4.

On October 4, 2023, after the market closed, the Company announced preliminary third quarter 2023 revenue "between $40.0-$45.0 million compared to the previous outlook of $62.0-$70.0 million[.]" ¶ 5. Cambium attributed the shortfall to, in part, "a decrease in orders and an increase in stock rotations from distributors in the Enterprise business" and "pressure" from "***channel inventories***." *Id.*

In response to this disclosure, the price of Cambium shares fell by 36.2%, or $2.87 per share, to close at $5.05 per share on October 5, 2023, on unusually heavy trading volume. ¶ 6.

After the market closed on January 18, 2024, Cambium revealed that preliminary fourth quarter 2023 revenue was expected to be "approximately $40.0 million compared to the previous outlook of $45.0-$50.0[.]" ¶ 7. The Company attributed the revenue shortfall to "offering aggressive Enterprise product discounts to clear excess channel inventories." *Id.* The Company further revealed "gross margin will also be below the low end of the range due to increased excess and obsolete

3

inventory reserves." *Id.* Moreover, the Company's Chief Financial Officer would depart Cambium on February 2, 2024. *Id.*

As the market digested this news, the price of Cambium shares declined by $0.60 per share, or 12.40%, to close on January 19, 2024 at $4.24 per share, on unusually heavy trading volume. ¶ 8.

**ARGUMENT**

**I.   APPOINTMENT OF MOVANT AS LEAD PLAINTIFF IS APPROPRIATE.**

**A.  The Procedure Required by the PSLRA**

The PSLRA establishes the procedure for appointment of the Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i). The PSLRA provides a presumption that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa)   has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Federal Rule of Civil Procedure 23.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of

adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses to which she is subject. Therefore, Movant is entitled to the presumption that she is the most adequate plaintiff to represent the Class and, as a result, should be appointed Lead Plaintiff in this action.

### 1. Movant Is Willing to Serve as Class Representative.

On May 22, 2024, counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A)(i) of the Exchange Act announcing that a securities class action had been filed against Cambium and certain of its officers and directors and advising putative class members that they had sixty days from the date of the Notice to file a motion to seek appointment as Lead Plaintiff in the Action.[5]

Movant has reviewed the complaint filed in the Action and timely filed the instant Motion pursuant to the Notice.

### 2. Movant Has the Requisite Financial Interest in the Relief Sought by the Class.

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants with the largest financial loss in the relief sought by the action. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* Loss Chart, Lubin Decl., Ex. B. The movant who "has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 . . . is presumptively entitled to lead plaintiff status." *Maiden v. Merge Techs., Inc.*, No. 06-cv-349, 2006 U.S. Dist. LEXIS 85635, at \*13 (E.D. Wis. Nov. 21, 2006) (citation omitted).

Under the PSLRA, damages are calculated based on: (1) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90-day period

---

[5] The Notice was published over *Business Wire*, a widely-circulated national business-oriented wire service. *See* Press Release, Lubin Decl., Ex. C.

beginning on the date the information correcting the misstatement was disseminated; or (2) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold his shares, if he sold his shares before the end of the 90-day period. 15 U.S.C. § 78u-4(e).

During the Class Period, Movant purchased Cambium securities in reliance upon the materially false and misleading statements issued by Defendants and was injured thereby. Movant purchased Cambium securities during the Class Period and lost $8,961.32. *See* Loss Chart, Lubin Decl., Ex. B. Importantly, pursuant to the Supreme Court's decision in *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336 (2005), only losses incurred as a result of the fraud alleged against the Defendants can be considered when determining largest financial interest. *See Chandler v. Ulta Beauty, Inc.*, No. 18-cv-1577, 2018 U.S. Dist. LEXIS 107340, at *11-12 (N.D. Ill. June 26, 2018) (excluding losses incurred by selling securities prior to corrective disclosures in underlying action). To the best of her knowledge, there are no other applicants who have sought, or are seeking, appointment as Lead Plaintiff that have a larger recoverable financial interest and also satisfy Rule 23.

### B. Movant Satisfies the Requirements of Federal Rule of Civil Procedure 23(a).

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a).

Of the four prerequisites to class certification outlined in Rule 23, only two—typicality and adequacy—are recognized as appropriate for consideration at this stage. *Takara Trust v. Molex Inc.*,

229 F.R.D. 577, 580 (N.D. Ill. 2005). Furthermore, only a "preliminary showing" of typicality and adequacy is required. *See In re Groupon Sec. Litig.*, 2012 U.S. Dist. LEXIS 123899, at *9 (N.D. Ill. Aug. 28, 2012). Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *20 (N.D. Ill. Aug. 6, 1997).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying her appointment as Lead Plaintiff.

### 1. Movant's Claims Are Typical of the Claims of All Class Members.

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory. *See Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). The typicality requirement, however, does not demand that the representative party be situated identically to all other members of the Class. *See De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232-33 (7th Cir. 1983), *overruled on other grounds by Green v. Mansour*, 474 U.S. 64 (1985). Movant plainly meets the typicality requirement of Rule 23 because she: (1) suffered the same injuries as the absent class members; (2) suffered as a result of the same course of conduct by Defendants; and (3) has claims based on the same legal issues. *See Takara Trust*, 229 F.R.D. at 580.

In this case, the typicality requirement is met because the claims of Movant are identical to, and neither compete nor conflict with, the claims of other Class members. Movant, like other members of the Class, purchased Cambium securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby. Thus,

the claims of Movant are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and her losses result from Defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See Tellabs*, 214 F.R.D. at 228.

### 2. Movant Will Adequately Represent the Class.

Movant is an adequate class representative. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is any evidence of antagonism between the interests of the movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Takara Trust*, 229 F.R.D. at 580.

Movant's interests are clearly aligned with those of other members of the Class. Not only is there no evidence of antagonism between Movant's interests and those of other Class members, but Movant has a significant and compelling interest in prosecuting this action based on the large financial losses she suffered as a result of the alleged wrongful conduct. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class.

In addition, Movant has retained counsel highly experienced in prosecuting securities class actions, and herewith submits her choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Therefore, Movant will prosecute the action vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Movant has sustained the largest amount of losses from Defendants' alleged wrongdoing, she is, therefore, the presumptive Lead Plaintiff in

8

accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), and her appointment as Lead Plaintiff in this action is appropriate.

Moreover, Movant resides in South Park Township, Pennsylvania and considers herself to be a sophisticated investor. Movant will prosecute the Action vigorously on behalf of the Class.

Accordingly, Movant meets the adequacy requirement of Rule 23.

## II. APPROVAL OF MOVANT'S CHOICE OF COUNSEL IS APPROPRIATE.

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the Lead Plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class and Lubin Austermuehle and the Law Office of Terrence Buehler as the proposed Liaison Counsel. The members of Levi & Korsinsky, Lubin Austermuehle, and the Law Office of Terrence Buehler have extensive experience in successfully prosecuting complex securities class actions such as this one and are well-qualified to represent the Class. *See* Lubin Decl., Ex. D (Firm Résumés of Levi & Korsinsky). Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions across the country arising under the federal securities laws on behalf of investors. As lead counsel in *In re U.S. Steel Securities Litigation,* No. 2:17-579-CB (W.D. Pa.), Levi & Korsinsky secured a $40 million recovery on behalf of investors in the securities of U.S. Steel. The firm also secured a $79 million recovery on behalf of E-Trade investors in *In re E-Trade Financial Corp.* Securities Litigation, No. 07-cv-8538 (S.D.N.Y.). Levi & Korsinsky also has trial experience relating to *In re Tesla Inc. Securities Litigation,* No. 3:18-cv-4865 (N.D. Cal.), representing Tesla investors who were harmed by Elon Musk's "funding secured" tweet from August 7, 2018. *Id*. In the last year alone, Levi & Korsinsky has been appointed lead or co-lead counsel in a number of actions in this

9

Circuit and across the Country including *Thant v. Rain Oncology Inc. et al.*, 5:23-cv-03518 (N.D. Cal. Nov. 1, 2023); *Jaramillo v. Dish Network Corporation, et al.*, No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023); *Villanueva v. Proterra Inc. et al.,* No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023); *Martin v. BioXcel Therapeutics, Inc. et al.,* No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023); *Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*, No. 1:23-cv-02764 (N.D. Ill. July 11, 2023); *Petersen v. Stem, Inc. et al.,* No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023); *Solomon v. Peloton Interactive, Inc. et al.,* No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023); *Gurevitch v. KeyCorp, et al.*, No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023); *Thant v. Veru, Inc. et al.,* No. 1:22-cv-23960 (S.D. Fla. July 27, 2023). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## III.   CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) appoint Movant as Lead Plaintiff for the Class in the Action and (2) approve Movant's selection of Levi & Korsinsky as Lead Counsel and Lubin Austermuehle, and the Law Office of Terrence Buehler as Liaison Counsel for the Class.

Dated: July 22, 2024                           Respectfully submitted,


**LUBIN AUSTERMUEHLE, P.C.**

*/s/ Peter S. Lubin*
Peter S. Lubin
Patrick D. Austermuehle
17W220 22nd Street, Suite 410
Oakbrook Terrace, IL 60181
Tel: (630) 333-0333
Email: peter@l-a.law
Email: patrick@l-a.law

10

**LAW OFFICE OF TERRENCE BUEHLER**
Terrence Buehler
417 North Marion Street
Oak Park, IL 60302
Tel: (312) 371-4385
Email: tbuehler@tbuehlerlaw.com

*Liaison Counsel for Donna Carr and [Proposed]*
*Liaison Counsel for the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton*
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com
*pro hac vice to be submitted*

*Counsel for Donna Carr and [Proposed] Lead*
*Counsel for the Class*

11

## CERTIFICATE OF SERVICE

I, Peter S. Lubin, the undersigned attorney, hereby certify that on the 22nd day of July, 2024,

I caused to be served a copy of the within and **MEMORANDUM OF POINTS AND**

**AUTHORITIES IN SUPPORT OF DONNA CARR'S MOTION FOR APPOINTMENT AS**

**LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL** via the Court's

CM/ECF system, on all counsel of record.


_/s/ Peter S. Lubin_
Peter S. Lubin

12