UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BENJAMIN HAMBY, Individually and on Behalf of All Others Similarly Situated, | Civil Action No.  1:24-cv-04240 |
| Plaintiff, | |
| v. | CLASS ACTION |
| CAMBIUM NETWORKS CORPORATION, ATUL BHATNAGAR, MORGAN KURK, and ANDREW BRONSTEIN, | Hon. Steven C. Seeger |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF HYUNGEUN CHOI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

**TABLE OF CONTENTS**

Page(s)

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS .................................................................................................... 2

ARGUMENT .......................................................................................................................... 4

I.       CHOI SHOULD BE APPOINTED LEAD PLAINTIFF .................................................. 4

         A.       Choi Is Willing to Serve as Class Representative.................................................... 5

         B.       Choi Has the "Largest Financial Interest" in the Action ....................................... 6

         C.       Choi Otherwise Satisfies the Requirements of Rule 23......................................... 6

         D.       Choi Will Fairly and Adequately Represent the Interests of the Class and Is Not
                  Subject to Unique Defenses ..................................................................................... 9

II.      LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ........... 9

CONCLUSION...................................................................................................................... 11

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arreola v. Godinez*,
546 F.3d 788 (7th Cir. 2008) ...............................................................................................7

*Bristol County Ret. Sys. v. Allscripts Healthcare Solutions, Inc.*, No. 12 C 3297,
2012 WL 5471110 (N.D. Ill. Nov. 9, 2012) .......................................................................7

*Chandler v. Ulta Beauty, Inc.*, No. 18-cv-1577,
2018 WL 3141763 (N.D. Ill. June 26, 2018) ..................................................................7, 8

*City of Sterling Heights Gen. Emples. Ret. Sys. v. Hospira, Inc.*, No. 11 C 8332,
2012 WL 1339678 (N.D. Ill. Apr. 18, 2012) ......................................................................8

*Gumm v. Molinaroli*, No. 16-CV-1093-PP,
2016 WL 6680462 (E.D. Wis. Nov. 14, 2016) ...................................................................7

*In re Molson Coors Brewing Co. Sec. Litig.*,
233 F.R.D. 147 (D. Del. 2005) ..........................................................................................10

*Kaplan v. Gelfond*,
240 F.R.D. 88 (S.D.N.Y. 2007) ...........................................................................................7

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
311 F.R.D. 373 (S.D.N.Y. 2015) .........................................................................................9

*Lax v. First Merchants Acceptance Corp.*, Nos. 97 C 2715 *et al.*,
1997 WL 461036, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997). ..................6, 7

*Maiden v. Merge Techs., Inc.*, Nos. 06-C-349,
2006 WL 3404777 (E.D. Wis. Nov. 21, 2006) ...................................................................9

*Takara Trust v. Molex Inc.*,
229 F.R.D. 577 (N.D. Ill. 2005) ...........................................................................................7

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
589 F. Supp. 2d 388 (S.D.N.Y. 2008) ...............................................................................10

## Statutes

15 U.S.C. § 78j ......................................................................................................................1

15 U.S.C. § 78u-4 ...............................................................................................1, 2, 4, 5, 6, 8, 9

Private Securities Litigation Reform Act of 1995 ......................................................................5, 9

## **Rules**

Fed. R. Civ. P. 23.................................................................................................2, 4, 5, 6, 7, 8

Hyungeun Choi ("Choi")[1] respectfully submits this Memorandum of Law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing Choi as Lead Plaintiff on behalf of a class of all persons and entities who purchased or otherwise acquired Cambium Networks Corporation ("Cambium" or the "Company") securities between May 8, 2023 and January 18, 2024, inclusive (the "Class Period") (the "Class"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## PRELIMINARY STATEMENT

The Complaint in the above-captioned action (the "Action") alleges a significant fraud perpetrated on investors in Cambium during the Class Period. Specifically, it is alleged that, during the Class Period, the above-captioned defendants ("Defendants") defrauded investors in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), by misrepresenting Cambium's business and prospects, specifically regarding the buildup of inventory in the Company's distribution channels. *See* Dkt. No. 1 ("Complaint") ¶¶ 2-9. Cambium investors, including Choi, incurred significant losses resulting from the revelation of the foregoing misconduct through corrective disclosures on August 1, 2023, October 4, 2023, and January 18, 2024 revealing, *inter alia*, that the Company's revenue and earnings were adversely affected by inventory pressures. *See id.*

---

[1] Choi pursues claims in this litigation both on his own behalf and on behalf of his father, Hangoo Choi, from whom he has received a valid assignment of those claims. *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Exhibit ("Ex.") A.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant that possesses the largest financial interest in the outcome of the Action and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Choi, with losses of approximately $28,454 in connection with his Class Period purchases of Cambium securities, believes that he has the largest financial interest in the relief sought in this Action. *See* Lieberman Decl., Ex. B.

Beyond his considerable financial interest, Choi also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his responsibilities as lead plaintiff and vigorously prosecute this Action on behalf of the Class, Choi has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, based on his significant financial interest and his commitment to overseeing this litigation, Choi respectfully requests that the Court enter an order appointing him as Lead Plaintiff for the Class and approving his selection of Pomerantz as Lead Counsel for the Class.

### STATEMENT OF FACTS

Cambium, together with its subsidiaries, engages in the design, development, and manufacture of wireless broadband and Wi-Fi networking infrastructure solutions. Complaint ¶ 2. The Company's products are used in broadband access, public safety, defense communications networks, and WiFi access applications. *Id.* Its product lines fall under three broad, interrelated categories: (i) fixed wireless broadband, which includes point-to-point and point-to-multipoint architectures; (ii) Enterprise networking; and (iii) Subscription and Services. *Id.* Cambium sells

its products primarily through its network of approximately 160 distributors who sell to other channel partners. *Id.*

On August 1, 2023, after the market closed, Cambium reported that second quarter 2023 revenue fell 23% sequentially due to "higher channel inventories" that resulted in "lower demand for Enterprise products." *Id.* ¶ 3. As a result, the Company reduced its fiscal 2023 guidance, now expecting revenue to decline 7% to 11% year-over-year. *Id.* The Company also announced that the Company's Chief Executive Officer, Atul Bhatnagar, would step down immediately. *Id.*

On this news, the price of Cambium shares declined by $4.89 per share, or 30.07%, to close at $11.37 per share on August 2, 2023, on unusually heavy trading volume. *Id.* ¶ 4.

On October 4, 2023, after the market closed, Cambium announced preliminary third quarter 2023 revenue "between $40.0-$45.0 million compared to the previous outlook of $62.0- $70.0 million[.]" *Id.* ¶ 5. The Company attributed the shortfall to, in part, "a decrease in orders and an increase in stock rotations from distributors in the Enterprise business" and "pressure" from "***channel inventories***." *Id.*

On this news, the price of Cambium shares declined by $2.87 per share, or 36.2%, to close at $5.05 per share on October 5, 2023, on unusually heavy trading volume. *Id.* ¶ 6.

On January 18, 2024, after the market closed, Cambium revealed that preliminary fourth quarter 2023 revenue was expected to be "approximately $40.0 million compared to the previous outlook of $45.0-$50.0[.]" *Id.* ¶ 7. The Company attributed the revenue shortfall to "offering ***aggressive Enterprise product discounts to clear excess channel inventories***." *Id.* The Company further revealed "gross margin will also be below the low end of the range due to increased excess and obsolete inventory reserves." *Id.* Moreover, the Company's Chief Financial Officer would depart Cambium on February 2, 2024. *Id.*

On this news, the price of Cambium shares declined by $0.60 per share, or 12.40%, to close at $4.24 per share on January 19, 2024, on unusually heavy trading volume. *Id.* ¶ 8.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. *Id.* ¶ 9. Specifically, Defendants failed to disclose that: (1) that there was a buildup of inventory in the Company's distribution channels; (2) that the Company and its distributors were reasonably likely to offer aggressive discounts to reduce the high channel inventories; (3) that the Company's revenue would decline sequentially until the excess channel inventory was sold through; (4) that Cambium was likely to incur significant charges to writedown excess and obsolete inventory; (5) that, as a result of the foregoing, the Company's fiscal 2023 revenue and earnings would be adversely affected; and (6) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Id.*

As a result of Defendants' wrongful acts and omissions, and the significant decline in the market value of the Company's securities when the truth was revealed, the plaintiff in the Action and other members of the Class have suffered significant damages.

**ARGUMENT**

## I.      CHOI SHOULD BE APPOINTED LEAD PLAINTIFF

Choi should be appointed Lead Plaintiff because, to his knowledge, he has the largest financial interest in the Action and otherwise strongly satisfies the requirements of Rule 23. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i)-(ii).

4

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Specifically, the Court "shall" appoint the presumptively "most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Choi satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### A. Choi Is Willing to Serve as Class Representative

On May 22, 2024, counsel for the plaintiff in the Action caused a notice to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "PSLRA Notice"), which announced that litigation had been filed against Defendants and which advised investors in Cambium securities that they had until July 22, 2024—*i.e.*, 60 days from the date of the PSLRA Notice—to file a motion to be appointed as lead plaintiff in the securities litigation against Cambium and the other Defendants. *See* Lieberman Decl., Ex. C.

Choi has filed the instant motion pursuant to the PSLRA Notice, and has attached a sworn Certification attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. D. Accordingly, Choi satisfies the first requirement to serve as Lead Plaintiff of the Class.

5

### B. Choi Has the "Largest Financial Interest" in the Action

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of his knowledge, Choi has the largest financial interest of any Cambium investor seeking to serve as Lead Plaintiff. For the purposes of lead plaintiff appointment pursuant to the PSLRA, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. Nos. 97 C 2715 *et al.*, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997).

During the Class Period, Choi: (1) purchased 23,571 shares of Cambium stock; (2) expended $129,684 on these purchases; (3) retained 23,571 of his shares of Cambium stock; and (4) as a result of the disclosures of the fraud, incurred losses of approximately $28,454 in connection with his Class Period transactions in Cambium stock. *See* Lieberman Decl., Ex. B. To the extent that Choi possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### C. Choi Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the

6

representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a)(1)-(4).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, at this stage of the litigation, only a preliminary showing of typicality and adequacy is required. *See, e.g.*, *Chandler v. Ulta Beauty, Inc.*, No. 18-cv-1577, 2018 WL 3141763, at *5 (N.D. Ill. June 26, 2018) (finding movant "has satisfied its burden by making a preliminary showing that it satisfies the requirements of Rule 23"); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required."). Moreover, "in the context of motions for lead plaintiff inquiries, courts . . . do not engage in a 'wide-ranging analysis under Rule 23,' and generally focus on only typicality and adequacy." *Gumm v. Molinaroli*, No. 16-CV-1093-PP, 2016 WL 6680462, at *4 (E.D. Wis. Nov. 14, 2016) (quoting *Lax*, 1997 WL 461036, at *6); *see also In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) ("Typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA.").

The typicality requirement of Rule 23(a)(3) requires that "'[a] claim . . . arises from the same event or practice or course of conduct that gives rise to the claims of other class members' and is 'based on the same legal theory.'" *Bristol County Ret. Sys. v. Allscripts Healthcare Solutions, Inc.*, No. 12 C 3297, 2012 WL 5471110, at *5 (N.D. Ill. Nov. 9, 2012) (quoting *Arreola v. Godinez*, 546 F.3d 788, 798 (7th Cir. 2008)). "A lead plaintiff meets the typicality requirements if its claims or defenses are typical of the claims or defenses of the class." *Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 580 (N.D. Ill. 2005) (quoting Fed. R. Civ. P. 23(a)(3)).

7

Choi's claims are typical of those of the Class. Choi alleges, as do all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts and/or by omitting to disclose material facts concerning Cambium. Choi, as did all Class members, purchased Cambium securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove Cambium's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

"A lead plaintiff meets the adequacy requirement [of Rule 23(a)(4)] if (1) its claims are not antagonistic or in conflict with those of the class; (2) it has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) it is represented by competent, experienced counsel who be able to prosecute the litigation vigorously." *Chandler*, 2018 WL 3141763, at \*5 (quoting *City of Sterling Heights Gen. Emples. Ret. Sys. v. Hospira, Inc.*, No. 11 C 8332, 2012 WL 1339678, at \*9 (N.D. Ill. Apr. 18, 2012)).

As set forth in greater detail below, in Pomerantz, Choi has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits his choice of Pomerantz to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). There is no evidence of antagonism or conflict between Choi's interests and the interests of the Class. Choi has submitted a signed Certification declaring his commitment to protecting the interests of the Class (*see* Lieberman Decl., Ex. D). In addition, the significant losses incurred by Choi demonstrate that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy.

Further demonstrating his adequacy, Choi has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See* Lieberman Decl., Ex. E.

**D.     Choi Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses**

The presumption in favor of appointing Choi as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

> (aa)     will not fairly and adequately protect the interests of the class; or

> (bb)     is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The ability and desire of Choi to fairly and adequately represent the Class has been discussed above. Choi is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class. Accordingly, Choi should be appointed Lead Plaintiff for the Class.

**II.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with lead plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Maiden v. Merge Techs., Inc.*, Nos. 06-C-349, 2006 WL 3404777, at \*4 (E.D. Wis. Nov. 21, 2006); *Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-

selected lead plaintiff's decisions as to counsel selection and counsel retention." (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, Choi has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Lieberman Decl., Ex. F. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, U.K., and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has represented defrauded investors. *See id.* As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, 1:06-cv-01825 (E.D.N.Y.), in June 2010, and the $90 million settlement in *Klein v. Altria Group, Inc. et al*, No. 3:20-cv-00075 (E.D. Va.) in March 2022. *See id.*

As a result of its extensive experience in litigation involving issues similar to those raised in the instant Action, Choi's counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute this Action effectively and expeditiously. Thus, the Court may be assured that by approving Choi's selection of Pomerantz as Lead Counsel, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Choi respectfully requests that the Court issue an Order: (1) appointing Choi as Lead Plaintiff for the Class; and (2) approving his selection of Pomerantz as Lead Counsel for the Class.

Dated: July 22, 2024

Respectfully submitted,

POMERANTZ LLP

/s/ Jeremy A. Lieberman
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

POMERANTZ LLP
Louis C. Ludwig
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
lcludwig@pomlaw.com

*Counsel for Lead Plaintiff Movant Hyungeun Choi and Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Hyungeun Choi*

11