UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BENJAMIN HAMBY, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:24-cv-04240 |
| Plaintiff, | |
| v. | CLASS ACTION |
| CAMBIUM NETWORKS CORPORATION, ATUL BHATNAGAR, MORGAN KURK, and ANDREW BRONSTEIN, | Hon. Steven C. Seeger |
| Defendants. | |

**MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF HYUNGEUN CHOI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTION**

Movant Choi[1] respectfully submits this Memorandum of Law in further support of his motion for appointment as Lead Plaintiff and approval of his selection of Pomerantz as Lead Counsel for the Class (Dkt. No. 13); and in opposition to the competing motion of Brittnee Carter ("Carter") (Dkt. No. 7).[2]

## PRELIMINARY STATEMENT

This is a class action securities fraud lawsuit against Cambium and certain of the Company's officers. As with all federal class action securities fraud lawsuits, a Lead Plaintiff must be appointed. The PSLRA governs that process and, pursuant to the PSLRA, the Court should appoint as Lead Plaintiff the movant or movants with the greatest financial interest in the outcome of the action; *and* who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, that movant is Choi, having suffered approximately *$28,454* in losses in connection with his Class Period purchases of Cambium securities. *See* Dkt. No. 15-2. The table below sets forth the losses of Choi compared to those of the other movant:

| Movant | Loss |
|--------|------|
| Choi | $28,454 |
| Carter | $26,756 |

Choi's loss of $28,454 is nearly $1,700 larger than the losses alleged by Carter, the only competing movant. As such, Choi has the greatest financial interest of the PSLRA of any putative Class member seeking appointment as Lead Plaintiff. *See*, *e.g.*, *Bristol County Ret. Sys. v. Allscripts Healthcare Solutions, Inc.*, No. 12 C 3297, 2012 WL 5471110, at *2 (N.D. Ill. Nov. 9,

---

[1] All capitalized terms herein are defined in Choi's moving brief, unless otherwise indicated. *See* Dkt. No. 14.

[2] Initially, one other putative Class member, Donna Carr ("Carr"), filed a competing motion. Dkt. No. 9. On July 24, 2024, Carr filed a notice withdrawing her motions. Dkt. No. 18.

2012) ("'While courts differ on the precise weight to apply to each factor, most courts agree that [the] fourth factor—the approximate losses suffered—is the most salient factor in assessing the lead plaintiff.'") (quoting *City of Sterling Heights Gen. Employees' Ret. Sys. v. Hospira, Inc.*, 2012 WL 1339678, at *4 (N.D. Ill. Apr. 18, 2012)).

In addition to his significant financial interest, Choi also satisfies the adequacy and typicality requirements of Rule 23. Choi, like all members of the Class, purchased Cambium securities at prices artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations or omissions. These shared claims, which are based on the same legal theory, and arise from the same events and course of conduct as the Class claims, satisfy the requirements of Rule 23. *See Bristol County*, 2012 WL 5471110 at *5. Further demonstrating his adequacy, Choi has submitted a detailed Declaration providing the Court with biographical information about himself and attesting to, *inter alia*, his understanding of the significance of his motion, the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, and his readiness to shoulder these responsibilities on behalf of the Class. *See generally* Dkt. No. 15-5.

For the reasons set forth herein, Choi respectfully submits that his motion should be granted in its entirety, and that the competing motions should be denied.

**ARGUMENT**

**I.      CHOI SHOULD BE APPOINTED LEAD PLAINTIFF**

The PSLRA creates a strong presumption that the lead plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest must make "a preliminary showing that it satisfies the requirements of Rule 23". *Chandler v. Ulta Beauty, Inc.*, No. 18-cv-1577, 2018 WL 3141763, at *5 (N.D. Ill.

2

June 26, 2018).  Once this presumption is triggered, it may be rebutted upon proof that the presumptive lead plaintiff will not fairly represent the interests of the Class.  15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).  Here, the most adequate class representative is Choi.

### A.        Choi Has the "Largest Financial Interest" in the Action

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest," courts in this Judicial District and around the country recognize that the amount of financial loss is the most significant factor to be considered.  *See*, *e.g.*, *Bristol County*, 2012 WL 5471110 at *2 ("'While courts differ on the precise weight to apply to each factor, most courts agree that [the] fourth factor—the approximate losses suffered—is the most salient factor in assessing the lead plaintiff.'") (quoting *City of Sterling Heights*, 2012 WL 1339678, at *4); *Takara Trust v. Molex, Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("most courts simply determine which potential lead plaintiff has suffered the greatest total losses."); *In re Comverse Tech., Inc. Sec. Litig.,* No. 06-CV-1825, 2007 WL 680779, at *3 (E.D.N.Y. Mar. 2, 2007) (recognizing that most courts consider "the approximate loss a plaintiff suffered during the class period to be most influential in identifying the plaintiff with the largest financial interest"); *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 421, 511 (E.D. Pa. 2005) (finding the amount of the financial loss "the most significant" factor).

As the chart at p. 1 illustrates, Choi suffered a loss of approximately $28,454 in connection with his Class Period purchases of Cambium securities.  No movant seeking appointment as lead plaintiff in the Action has alleged a larger financial interest in the litigation than Choi.  Choi thus has the "largest financial interest" in this litigation within the meaning of the PSLRA.

**B.      Choi Otherwise Satisfies the Requirements of Rule 23**

In addition to possessing the largest financial interest in the relief sought by the Class, Choi has also made the requisite *prima facie* showings that he satisfies the typicality and adequacy requirements of Rule 23. *Bristol County*, 2012 WL 5471110 at \*5.

First, Choi's claims in this Action satisfy the typicality requirement of Rule 23(a)(3) because his claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *Id.* Second, Choi satisfies the adequacy requirement of Rule 23(a)(4) because he has a sufficient stake in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class, is aware of no conflict between his interests and those of the putative Class, and, as discussed in greater detail below, he has selected counsel highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently to serve as Lead Counsel for the Class. *Chandler*, 2018 WL 3141763, at \*5; *City of Sterling Heights*, 2012 WL 1339678, at \*9. Choi has further demonstrated his adequacy by the submission of a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See generally* Dkt. No. 15-5.

\* \* \* \*

Because Choi has the largest financial interest in the relief sought by the Class and otherwise satisfies Rule 23, he is the presumptive "most adequate plaintiff" of the Class within the meaning of the PSLRA. To overcome the strong presumption entitling Choi to appointment as Lead Plaintiff, the PSLRA requires **"*proof*"** that the presumptive Lead Plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). No such proof exists in this case and any arguments to the contrary should be flatly rejected.

4

## II.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with lead plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Maiden v. Merge Techs., Inc.*, Nos. 06-C-349, 2006 WL 3404777, 2006 U.S. Dist. LEXIS 85635, at \*14 (E.D. Wis. Nov. 21, 2006); *Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, Choi has selected Pomerantz as Lead Counsel for the Class. As its resume reflects, Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. In 2018, Pomerantz secured a settlement of nearly $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A.–Petrobras—the largest securities class action settlement in a decade. *See* Dkt. No. 15-6. Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010, and the $90 million settlement in *Klein v. Altria Group, Inc. et al*, No. 3:20-cv-00075 (E.D. Va.) in March 2022. *See id.* Thus, the Court may be assured that by approving the selection of counsel by Choi, the members of the class will receive the best legal representation available.

**CONCLUSION**

For the foregoing reasons, Choi respectfully requests that the Court issue an Order: (1) appointing Choi as Lead Plaintiff for the Class; and (2) approving his selection of Pomerantz as Lead Counsel for the Class.

Dated: August 9, 2024

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

POMERANTZ LLP
Louis C. Ludwig
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
lcludwig@pomlaw.com

*Counsel for Lead Plaintiff Movant Hyungeun Choi and Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Hyungeun Choi*

6