**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BENJAMIN HAMBY, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CAMBIUM NETWORKS CORPORATION, ATUL BHATNAGAR, MORGAN KURK, and ANDREW BRONSTEIN, <br><br> Defendants. | Case No. 1:24-cv-04240-SCS |

**BRITTNEE CARTER'S RESPONSE TO THE COMPETING MOTIONS FOR
<u>APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL</u>**

**TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT ........................................................................... 1

II.    CHOI HAS NOT DEMONSTRATED THAT HE IS TYPICAL OF OTHER CLASS MEMBERS, AND HE IS SUBJECT TO DISQUALIFYING UNIQUE DEFENSES BECAUSE CLAIMS WERE ASSIGNED TO HIM BY HIS FATHER .......................... 3

III.   CARTER IS THE PRESUMPTIVELY MOST ADEQUATE PLAINTIFF TO BE APPOINTED AS LEAD PLAINTIFF.................................................................. 6

IV.   THE PRESUMPTION THAT CARTER IS THE MOST ADEQUATE PLAINTIFF HAS NOT BEEN REBUTTED.................................................................................. 7

V.    CARTER'S SELECTION OF COUNSEL SHOULD BE APPROVED .......................... 7

VI.   CONCLUSION................................................................................................. 8

i

## TABLE OF AUTHORITIES

CASES

*Bang v. Acura Pharms.*, Inc.,
   2011 WL 91099 (N.D. Ill. Jan. 11, 2011) ................................................................ 4

*Colwell v. Exicure Inc.*,
   2023 WL 2572454 (N.D. Ill. Mar. 20, 2023) ................................................... 3, 6, 7

*In re Groupon, Inc. Sec. Litig.*,
   2012 WL 3779311 (N.D. Ill. Aug. 28, 2012) ......................................................... 3

*In re Peregrine Sys., Inc. Sec. Litig.*,
   2002 WL 32769239 (S.D. Cal. Oct. 11, 2002) ....................................................... 5

*In re Stitch Fix, Inc. Sec. Litig.*,
   393 F. Supp. 3d 833 (N.D. Cal. 2019) .................................................................... 6

*Irving Firemen's Relief & Ret. Fund v. Tesco PLC*,
   No. 14-cv-10020, 2015 WL 1345931 (S.D.N.Y. Mar. 19, 2015) ............................ 4

*Karp v. Diebold Nixdorf, Inc.*,
   No. 19-cv-6180, 2019 WL 5587148 (S.D.N.Y. Oct. 30, 2019) ............................... 4

*Landry v. Price Waterhouse Chartered Accountants*,
   123 F.R.D. 474 (S.D.N.Y. 1989) ............................................................................ 6

*May v. Barclays PLC*,
   2023 WL 5950689 (S.D.N.Y. Sept. 13, 2023) ........................................................ 5

*Rodriguez v. DraftKings Inc.*,
   No. 21-cv-5739, 2021 WL 5282006 (S.D.N.Y. Nov. 12, 2021) ............................. 3

*Tomaszewski v. Trevena, Inc.*,
   383 F. Supp. 3d 409 (E.D. Pa. 2019) ...................................................................... 4

STATUTES

15 U.S.C. § 78u-4(a)(3)(B) ........................................................................... *passim*

RULES

Fed. R. Civ. P. 23 ................................................................................................. 1, 3

Brittnee Carter ("Carter") submits this memorandum of law in response to the two competing motions for appointment as lead plaintiff and approval of lead counsel filed by other putative class members (Dkt. Nos. 9, 13), and in support of her motion for appointment as lead plaintiff and approval of Carter's selection of counsel (Dkt. No. 7). Carter's motion should be granted because Movant Hyungeun Choi ("Choi"), who claims the largest financial interest, has not demonstrated that he is typical of class members and adequate to represent the class, and Carter has the next largest financial interest.

## I.      PRELIMINARY STATEMENT

Three movants filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"): Carter (Dkt. No. 7); Donna Carr ("Carr") (Dkt. No. 9); and Choi (Dkt. No. 15).[1]

The PSLRA directs the Court to appoint the "most adequate plaintiff" as lead plaintiff, and provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant with the "largest financial interest in the relief sought by the class" who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure (hereinafter "Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). If the presumption is not rebutted, the presumptively most adequate plaintiff should be appointed as lead plaintiff.

While Choi claims a slightly larger loss than Carter, Choi submitted a false certification that purportedly lists "my transactions" across 4 unnamed accounts, when in fact some (or all) of

---

[1] Carr withdrew her motion. *See* Dkt. Nos. 18, 20. As such, only Carter and Choi's motions are still pending.

1

those transactions were executed by his father. Specifically, Choi's father assigned his claims in this action to Choi. *See* ECF No. 15-1. Choi's certification lists Cambium transactions, but he does not identify which trades were his father's. Choi acknowledges that information regarding the sophistication of the movant who seeks to be appointed as lead plaintiff is necessary, as he has provided this information about himself. However, since Choi did not identify who made which transactions listed on Choi's certification, the Court does not know the identity of the investor whose typicality and adequacy must be evaluated, and cannot know whether Choi's father (if he made some or all of the transactions) is typical and adequate. Therefore, Choi has not shown that he is entitled to the presumption that he is the "most adequate plaintiff."

Moreover, if Choi's father executed his own trades, Defendants will inevitably serve discovery on Choi's father to assess, among other things, why he made those transactions and whether he is typical and adequate of the class. It is unclear whether Choi's father is willing to participate given that he declined to move for lead plaintiff. Regardless, the defenses and typicality issues arising from the assignment from Choi's father to Choi will distract from the more central class-wide issues. As such, Choi is atypical of the class and any presumption that Choi is the most adequate plaintiff is rebutted. Accordingly, Choi should not be appointed as lead plaintiff.

Carter has the next largest financial interest as measured by the movants' last in, first out ("LIFO") losses:

| Movant | LIFO Loss |
|---|---|
| ~~Hyungeun Choi~~ | ~~$28,454~~ |
| Brittnee Carter | $26,756 |
| Donna Carr | $8,961 |

Since Carter is also typical of other class members, and adequate to represent the class, Carter is the presumptively "most adequate plaintiff" to be appointed as lead plaintiff. 15 U.S.C.

§ 78u-4(a)(3)(B)(iii). As such, Carter should be appointed as lead plaintiff, and her selection of counsel should be approved.

**II.   CHOI HAS NOT DEMONSTRATED THAT HE IS TYPICAL OF OTHER CLASS MEMBERS, AND HE IS SUBJECT TO DISQUALIFYING UNIQUE DEFENSES BECAUSE CLAIMS WERE ASSIGNED TO HIM BY HIS FATHER**

To claim the "most adequate plaintiff" presumption, Choi must show that he "satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). "At this early stage of litigation, 'the relevant Rule 23 criteria are typicality and adequacy.'" *Colwell v. Exicure Inc.*, 2023 WL 2572454, at *2 (N.D. Ill. Mar. 20, 2023). Relevant here, to establish his typicality, Choi must show that his "claims or defenses . . . are typical of the claims or defenses of the class." *Id.* (quoting *In re Groupon, Inc. Sec. Litig.*, 2012 WL 3779311, at *3 (N.D. Ill. Aug. 28, 2012)). Choi has failed to make the required showing.

As an initial matter, Choi appears to submit a false certification. Choi claims in his certification that "[t]he attached sheet lists all of *my* transactions in Cambium Networks securities during the Class Period as specified in the Complaint." Dkt. No. 15-4, ¶ 5 (emphasis added). However, these assertions plainly conflict with the assignment of claims from his father, which reflects that some (or all) of the Cambium trades were made by his father. Dkt. No. 15-1. Similarly, Choi states in his memorandum in support of his motion that "[d]uring the Class Period, Choi: (1) purchased 23,571 shares of Cambium stock; (2) expended $129,684 on these purchases; (3) retained 23,571 of his shares of Cambium stock; and (4) as a result of the disclosures of the fraud, incurred losses of approximately $28,454 in connection with his Class Period transactions in Cambium stock." *See* Dkt. No. 14 at 10. Again, this contradicts the assignment which reveals that some (possibly all) of these shares, expenses, and losses are his father's. These errors are, alone, disqualifying. *See Rodriguez v. DraftKings Inc.*, No. 21-cv-5739, 2021 WL 5282006, at *9 (S.D.N.Y. Nov. 12, 2021) (movant's "careless errors weigh heavily against his appointment as

3

lead plaintiff"); *Karp v. Diebold Nixdorf, Inc.*, No. 19-cv-6180, 2019 WL 5587148, at *6 (S.D.N.Y. Oct. 30, 2019) ("The Court thus finds that the errors in the Aroras' submissions further militate against appointment and render them inadequate to serve as lead plaintiff.") (internal quotation marks and brackets omitted); *Irving Firemen's Relief & Ret. Fund v. Tesco PLC*, No. 14-cv-10020, 2015 WL 1345931, at *3 (S.D.N.Y. Mar. 19, 2015) (rejecting a movant with discrepancies in its financial data); *Tomaszewski v. Trevena, Inc.*, 383 F. Supp. 3d 409, 414 (E.D. Pa. 2019) ("[E]rrors in Erenoglu's sworn statements amount to a substantial degree of carelessness and raise doubt as to whether he will fairly and adequately represent the best interests of the class.").

Moreover, Choi does not identify which of the transactions listed on his certification were, in fact, executed by his father, thus he has not shown he is entitled to the "most adequate plaintiff" presumption. Choi states that he "pursues claims in this litigation both on his own behalf and on behalf of his father, Hangoo Choi, from whom he has received a valid assignment of those claims." *See* Dkt. No. 14 at 5 n.1. It is not clear whether Choi or his father purchased the shares for which Choi is asserting claims. Choi's certification does not clarify the issue. *See* Dkt. No. 15-4. While the certification lists 4 accounts in which purchases were made, there is no indication whether the shares were purchased by Choi or his father.[2] *See id.* Choi's father executed an assignment agreement in which he assigned his claims in the action to Choi, but the assignment, too, does not specify which claims are being transferred based on which purchases. *See* Dkt. No. 15-1. Without these details and without further information about Choi's father, Choi has failed to establish that he is "typical" and adequate to represent the class. *See Bang v. Acura Pharms.*, Inc., 2011 WL

---

[2] Identification of the trader for particular transactions is important because, as it stands, Choi has not established that he is even a member of the class because all of the transactions may have been executed by his father.

4

91099, at *6 (N.D. Ill. Jan. 11, 2011) (finding a movant "atypical" because the transactions underlying his claims were atypical of other class members' transactions).[3]

Even if Choi had made the required preliminary showing that he is adequate and typical of the class (he has not), any presumption that Choi is the most adequate plaintiff is rebutted because Choi's assignment makes him subject to "unique defenses." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(cc). At class certification, Defendants will focus on the Court-appointed lead plaintiff's investment decisions to assess whether he is typical and adequate of the class. That inquiry will require deposition testimony from the investor who actually made the transactions. Choi's father has already indicated his unwillingness to be involved in the case by assigning his claims and declining to move for lead plaintiff. If Choi's father is the investor who made the bulk (or even some) of the claimed transactions, Choi's father will need to be deposed. It is unclear whether Choi's father would be willing to comply with a subpoena. Moreover, since Choi did not submit any information about his father, it is unknown whether his father is subject to any other lurking but yet undiscovered unique defenses.

To disqualify Choi at this stage, the unique reliance-based defenses as to him and his father need not be ironclad. The possibility that a unique defense might become the focus of the litigation and distract from the more central class-wide issues is enough to disqualify him. *See In re Peregrine Sys., Inc. Sec. Litig.*, 2002 WL 32769239, at *7 (S.D. Cal. Oct. 11, 2002) ("[W]hether these defenses will be successful is of no matter. The fact that plaintiffs will be subject to such

---

[3] The fact that Choi does not clearly disclose which transactions are his and which are his father's in moreover disqualifying because "[t]t would be inconsistent with the statutory structure and purpose of the PSLRA to adopt the notion that . . . a party can achieve lead plaintiff status not by virtue of his own transactions during the proposed class period but by virtue of assignments of claims by other class members after the class period has ended and after litigation has commenced." *May v. Barclays PLC*, 2023 WL 5950689, at *14 (S.D.N.Y. Sept. 13, 2023).

defenses renders their claims atypical of other class members.") (quoting *Landry v. Price Waterhouse Chartered Accountants*, 123 F.R.D. 474, 476 (S.D.N.Y. 1989)); *In re Stitch Fix, Inc. Sec. Litig.*, 393 F. Supp. 3d 833, 836 (N.D. Cal. 2019) (disqualifying a lead plaintiff movant who was merely "vulnerabl[e]" to a unique defense that may or may not be successful, reasoning that the potential for the unique defense was "sufficient to dispute his adequacy and typicality"). These unique defenses and distractions should be avoided at the outset by declining to appoint Choi as lead plaintiff, especially since Carter stands ready with comparable losses and without the potential for distracting issues.

*   *   *

Since Choi has not established that he is typical of the class and because he and his father are subject to unique reliance-based defenses, Choi should be disqualified from consideration for appointment as lead plaintiff.

## III. CARTER IS THE PRESUMPTIVELY MOST ADEQUATE PLAINTIFF TO BE APPOINTED AS LEAD PLAINTIFF

Since Choi is not eligible for appointment as lead plaintiff, Carter satisfies all three requirements to be the presumptively most adequate plaintiff. She filed a timely motion, satisfies the relevant requirements of Rule 23, and as explained *infra*, has the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

While the PSLRA does not specify a means of calculating the "largest financial interest" among movants, courts typically consider: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *See Colwell v. Exicure Inc.*, No. 21-cv-06637, 2023 WL 2572454, at *2-3 (N.D. Ill. Mar. 20, 2023). "Courts in this District

6

frequently consider the approximate losses suffered to be the most important of the four factors."

*Id.* To calculate loss, the LIFO loss calculation is the preferred method. *Id.* *5 n.4.

Here, Carter has the largest financial interest as measured by every factor:

| Movant | Gross Shares Purchased | Net Shares Purchased | Net Expenditure | LIFO Loss |
|---|---|---|---|---|
| ~~Hyungeun Choi~~ | ~~23,571~~ | ~~23,571~~ | ~~$129,684~~ | ~~$28,454~~ |
| Brittnee Carter | 8,906 | 8,906 | $65,005 | $26,756 |
| Donna Carr | 975 | 975 | $13,149 | $8,961 |

As such, Carter has the largest financial interest. Since Carter also filed a timely motion, and satisfies the requirements of Rule 23, she is the presumptively most adequate plaintiff to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

**IV.    THE PRESUMPTION THAT CARTER IS THE MOST ADEQUATE PLAINTIFF HAS NOT BEEN REBUTTED**

The lead plaintiff presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No other movants can prove that Carter is inadequate. As such, Carter should be appointed as lead plaintiff.

**V.    CARTER'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Carter selected Glancy Prongay & Murray LLP and Holzer & Holzer, LLC as Co-Lead Counsel and Miller Law LLC as Liaison Counsel. The firms collectively have decades of experience successfully representing injured investors. *See* Dkt. Nos. 7-4, 7-5, 7-6. By approving Carter's selection of counsel, the Court will ensure that the class will receive the highest caliber of legal representation. Accordingly, Carter's selection of lead counsel for the class should be approved.

## VI.     CONCLUSION

For the foregoing reasons, Carter respectfully requests that the Court grant her motion and enter an order: (1) appointing Carter as Lead Plaintiff; (2) approving Carter's selection of Glancy Prongay & Murray LLP and Holzer & Holzer, LLC as Co-Lead Counsel and Miller Law LLC as Liaison Counsel for the class; and (3) denying the competing motions.

Dated: August 9, 2024

Respectfully submitted,

By:  s/ *Lori A. Fanning*
Lori A. Fanning
Marvin A. Miller
**MILLER LAW LLC**
53 W. Jackson Blvd., Suite 1320
Chicago, IL 60604
Telephone: (312) 332-3400
Lfanning@millerlawllc.com
mmiller@millerlawllc.com

*Counsel for Brittnee Carter and Proposed Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**HOLZER & HOLZER, LLC**
Corey D. Holzer
211 Perimeter Center Parkway, Suite 1010
Atlanta, Georgia 30346
Telephone: (770) 392-0090
Facsimile: (770) 392-0029

*Counsel for Brittnee Carter and Proposed Co-Lead Counsel for the Class*

**LAW OFFICES OF HOWARD G. SMITH**

8

Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel*

9