UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BENJAMIN HAMBY, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:24-cv-04240 |
| Plaintiff, | |
| v. | CLASS ACTION |
| CAMBIUM NETWORKS CORPORATION, ATUL BHATNAGAR, MORGAN KURK, and ANDREW BRONSTEIN, | Hon. Manish S. Shah |
| Defendants. | |

**REPLY MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF HYUNGEUN CHOI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTION**

Movant Choi[1] respectfully submits this Reply Memorandum of Law in further support of his motion for appointment as Lead Plaintiff and approval of his selection of Pomerantz as Lead Counsel for the Class (Dkt. No. 13); and in opposition to Carter's competing motion (Dkt. No. 7).[2]

**ARGUMENT**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class" and has made a *prima facie* showing of typicality and adequacy within the meaning of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii). This presumption can only be rebutted upon "***proof***" that the presumptive "most adequate plaintiff" is atypical or inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added); *see also Colwell v. Exicure Inc.*, No. 21-cv-06637, 2023 WL 2572454, at *1 (N.D. Ill. Mar. 20, 2023).

Here, as discussed at length in his moving and opposition briefs (Dkt. Nos. 14, 21), Choi satisfies all of the statutory criteria to be entitled to the "most adequate plaintiff" presumption. First, Choi has the largest financial interest in this litigation. Choi pursues recovery in this litigation of aggregate investment losses of approximately $28,454.[3] These investment losses include approximately $17,217 in losses incurred by Choi, and $11,238 in losses incurred by Choi's father, Hangoo Choi, who duly assigned his claims in this litigation to his son. *See generally* Dkt. No. 15-1 (the "Choi Assignment"). Carter, the only competing movant, claims to have incurred a smaller investment loss of only $26,756. *See* Dkt. No. 7-3. Second, as set forth

---

[1] All capitalized terms herein are defined in Choi's moving or opposition briefs, unless otherwise indicated. *See* Dkt. Nos. 14, 21.

[2] Initially, one other putative Class member, Carr, filed a competing motion. Dkt. No. 9. On July 24, 2024, Carr filed a notice withdrawing her motion. Dkt. No. 18.

[3] The figures included in the damages analysis supporting Choi's claimed financial interest in this litigation are rounded to the nearest dollar. *See* Dkt. No. 15-2.

in greater detail in his moving and opposition briefs, Choi also satisfies the typicality and adequacy criteria of Rule 23. *See* Dkt. No. 14 at 6-9; Dkt. No. 21 at 4. As such, Choi is entitled to the PSLRA's rebuttable presumption that he is the "most adequate plaintiff" of the Class—that is, the presumptive Lead Plaintiff of the Class.

Nevertheless, the sole competing movant, Carter, opposes Choi's motion for various meritless reasons, all related to the Choi Assignment. Carter mischaracterizes Choi's Certification as "false" and containing "errors," taking issue with Choi's use of first-person pronouns in the Certification because the schedule of transactions appended thereto sets forth both Choi's and his father's trades. *See* Dkt. No. 26 at 1-3. Carter also claims that the Choi Assignment somehow complicates the Court's Rule 23 adequacy and typicality inquiry because, purportedly, "the Court does not know the identity of the investor whose typicality and adequacy must be evaluated[.]" *Id.* at 2. Carter also erroneously claims that, by virtue of the Choi Assignment, "[i]t is not clear whether Choi or his father purchased the shares for which Choi is asserting claims" and speculates that Choi might not "even [be] a member of the class because all of the transactions may have been executed by his father." *Id.* at 4.

Carter's opposition arguments uniformly fail. As a threshold matter, it is well settled that "an assignee who holds legal title to an injured party's claim has constitutional standing to pursue the claim[.]" *W.R. Huff Asset Management Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 108 n.6 (2d Cir. 2008). Accordingly, lead plaintiffs in PSLRA actions routinely pursue claims on behalf of other persons or entities pursuant to assignments of those claims. *See*, *e.g.*, *Sokolow v. LJM Funds Mgmt., Ltd.*, No. 18-cv-01039, 2018 WL 3141814, at *7-8 (N.D. Ill. June 26, 2018) (appointing as lead plaintiffs movant group who received assignments of claims); *Aguilar v. Vitamin Shoppe, Inc.*, No. 2:17-CV-6454, 2018 WL 1960444, at *6-7, *12 (D.N.J. Apr. 25, 2018)

2

(same); *Rieckborn v. Velti PLC*, No. 13-CV-03889-WHO, 2013 WL 6354597, at *3, *5 (N.D. Cal. Dec. 3, 2013) (same); *Faris v. Longtop Financial Techs. Ltd.*, No. 11 Civ. 3658 (SAS), 2011 WL 4444176, at *5, *9 (S.D.N.Y. Oct. 04, 2011) (same). Carter has not argued otherwise. Nor has Carter disputed the validity of the Choi Assignment itself. Accordingly, neither the propriety of assignments generally nor the validity of the Choi Assignment specifically is in dispute.

Rather, Carter tries to use the Choi Assignment to sow confusion where none exists. Contrary to Carter's assertion, there are no "errors" or "false statements" in Choi's Certification. As Choi's motion brief clearly states, "Choi pursues claims in this litigation both on his own behalf and on behalf of his father, Hangoo Choi, from whom he has received a valid assignment of those claims." Dkt. No. 14 at 1 n.1. The Certification, in referencing the attached trades, thus uses first-person pronouns (*e.g.*, "my transactions") in describing the transactions in Cambium stock in connection with which Choi pursues fraud claims, including both his and his father's transactions. *See* Dkt. No. 15-4. Moreover, Choi has submitted a Declaration clarifying that Accounts 1 and 2 referenced in the Certification are Choi's own accounts, whereas Accounts 3 and 4 are his father's accounts. *See* Reply Declaration of Jeremy A. Lieberman ("Lieberman Reply Decl."), Exhibit ("Ex.") A.

Carter also erroneously claims that the Choi Assignment complicates the Court's inquiry because the Court does not know whose adequacy and typicality—that is, Choi's or his father's—it must evaluate under Rule 23. Not so. Choi, not his father, seeks appointment as Lead Plaintiff, and thus it is Choi's adequacy and typicality as a Class representative that must be evaluated. *See*, *e.g.*, *Sokolow*, 2018 WL 3141814 at *7 (evaluating the adequacy and typicality of assignees, rather than assignors, in appointing lead plaintiff). Apart from the purported issues related to the Choi Assignment—which, as discussed, are meritless—Carter does not even claim, let alone show, that

anything in Choi's submission actually raises any adequacy or typicality concerns under Rule 23. Absent any specific adequacy or typicality concerns raised by the attested-to transactions and/or anything else in Choi's motion papers—and Carter has identified **none**—Carter's purported concerns about "the identity of the investor whose typicality and adequacy must be evaluated" ring hollow. In any event, as discussed above, Choi has since submitted a Declaration clarifying the ownership of the four accounts at issue. *See generally* Lieberman Reply Decl., Ex. A.

Finally, Choi has clearly established that both he and his father are Class members. The Class in this Action is defined as all "persons and entities that purchased or otherwise acquired Cambium securities between May 8, 2023 and January 18, 2024." *See* Dkt. No. 1 ¶ 1. Choi's Certification references four accounts, respectively designated as Accounts 1, 2, 3, and 4, with Class Period transactions in Cambium securities. *See* Dkt. No. 15-4 at *4. Choi has attested that Accounts 1 and 2 belong to Choi himself, and that Accounts 3 and 4 belong to his father. *See* Lieberman Reply Decl., Ex. A. Choi's damages analysis shows that Choi and his father each individually incurred losses in connection with Class Period transactions in Cambium securities, as summarized below:

| Owner/Accounts | Loss[4] |
|---|---|
| Hyungeun Choi (Accounts 1 & 2) | $17,217 |
| Hangoo Choi (Accounts 3 & 4) | $11,238 |
| *Aggregate Losses:* | *$28,454* |

*See* Dkt. No. 15-2; *see also* Lieberman Reply Decl., Ex. A (attesting to Hyungeun and Hangoo Choi's respective account ownership). Given that both Choi and his father have claimed investment losses in connection with the alleged fraud, both qualify as Class members in this

---

[4] As stated *supra* at n.3, the figures included in the damages analysis supporting Choi's claimed financial interest in this litigation are rounded to the nearest dollar. *See* Dkt. No. 15-2.

litigation. Carter's speculation to the contrary is thus demonstrably wrong, and any equally speculative arguments challenging Choi's adequacy or typicality on this purported basis thus fail.

## CONCLUSION

For the foregoing reasons and the reasons set forth in his moving and opposition briefs (Dkt. Nos. 14, 21), Choi respectfully requests that the Court issue an Order: (1) appointing Choi as Lead Plaintiff for the Class; and (2) approving his selection of Pomerantz as Lead Counsel for the Class.

Dated:  August 20, 2024

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

POMERANTZ LLP
Louis C. Ludwig
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
lcludwig@pomlaw.com

*Counsel for Lead Plaintiff Movant Hyungeun Choi*
*and Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484

5

Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Hyungeun Choi*